IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS H. LOWERY, JR.,
    Plaintiff,

vs.                                              3:10cv457/MCR/MD

MICHELLE JENSEN,
    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Leave to proceed *in forma pauperis* was granted and no initial partial filing fee was assessed.  (Doc. 8).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119

F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff's complaint does not present an actionable claim under § 1983.

Plaintiff is presently incarcerated at Santa Rosa County Jail. He sues Michelle Jenson, who is identified as a state attorney in the First Judicial Circuit. Plaintiff claims that he was arrested on March 14, 2009 and although the charges against him were dropped by Alva Lowery (presumably the victim/complainant) on June 24, 2009, Ms. Jenson is still pursuing charges against the plaintiff. Plaintiff asks that the case against him be dismissed and he be released from jail.

Although plaintiff filed this complaint pursuant to 42 U.S.C. § 1983, the relief he seeks is not properly sought under 42 U.S.C. § 1983 as it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of his confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley,* 693 F.2d 1054, 1056-57 (11th Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, the petitioner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Thus, plaintiff should file a separate habeas corpus petition in order to challenge the fact or duration of his confinement after first exhausting any available state court remedies.

Furthermore, insofar as plaintiff seeks an order affecting an ongoing state proceeding in his case, the complaint is subject to dismissal. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); see also, *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller,* 976 F.2d 673, 677-678 (11th Cir. 1992); cf. *Abusaid v. Hillsborough County Bd. Of County Com'rs*, 405 F.3d 1298, 1315 (11th Cir. 2005) (application of

*Younger* to a case where the state criminal proceedings ended prior to filing the case was error). The *Younger* abstention doctrine prevents federal courts "from being the grand overseers of state courts and court-like administration." *Wexler v. Lepore,* 385 F.3d 1336, 1341 (11th Cir. 2004). Therefore, because the state criminal proceedings are underway at this time, abstention is also appropriate.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of January, 2011.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).